# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE GALLIMORT,

    *Petitioner*,

vs.

STATE OF NEVADA,, *et al.*,

    *Respondents*.

2:17-cv-03013-JCM-VCF

ORDER

This habeas matter under 28 U.S.C. § 2254 by a Nevada state inmate comes before the court on petitioner's application (ECF No. 1) to proceed *in forma pauperis* and for initial review.

The papers presented are subject to multiple defects.

First, petitioner did not properly commence the action by either paying the $5.00 filing fee or filing a properly completed application to proceed *in forma pauperis* with all required attachments. Under LSR 1-2 of the local rules, petitioner must attach both a financial certificate executed by an authorized institutional officer and a statement of his inmate account for the prior six months. Petitioner did not attach a copy of an executed financial certificate, and the financial document that he submitted is not a statement of his inmate account for the prior six months. He must fully comply with all requirements of the local rule in order to properly commence a civil action with a pauper application.[1]

---

[1]The financial document attached concerns a one-month period, and petitioner clearly has been in custody of the state corrections department for much longer than six months. Petitioner has filed ten civil

(continued...)

Second, petitioner did not name a proper respondent. Petitioner did not name his immediate custodian as a respondent, and he improperly named the State of Nevada as a respondent. Petitioner must name his immediate custodian, *i.e.*, the warden of his prison, as a respondent. *See generally Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Moreover, petitioner may not proceed directly against the State of Nevada due to the state sovereign immunity recognized by the eleventh amendment. State sovereign immunity bars an action against the state or an arm of the state in federal court regardless of the relief sought. *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).

Third, petitioner did not use the court's required § 2254 petition form to state his claims. Under LSR 3-1 of the local rules, he must use the court's required petition form. Petitioner instead used the first pages and the last page from the form essentially as a cover document for what appears to have been a filing in the state supreme court along with additional state court record materials. The state court document includes extensive extraneous material that is not pertinent to or appropriate for a federal habeas petition. The included document additionally does not include information that is required by the federal petition form, such as with regard to exhaustion. Petitioner essentially has disregarded the requirement of the local rule that he use the court's petition form to state his federal claims. He instead must use the form, and only the form, to state his claims, per the local rule.

Due to these multiple substantial defects, the petition in this improperly-commenced action will be dismissed without prejudice. It does not appear that a dismissal without prejudice would materially impact the analysis of successive-petition and untimeliness issues in a promptly-filed and properly-commenced new action. The court previously summarized prior state and federal proceedings by petitioner on June 23, 2014, in ECF No. 12 in No. 2:13-cv-02195-GMN-VCF. That summary reflects that: (a) the current petition would appear to be a successive petition given that the court denied petitioner's federal petition challenging the

---

[1](...continued)
actions in this court, including eight habeas petitions. Several actions have been dismissed as improperly commenced, and petitioner has been informed of the applicable requirements multiple times.

-2-

same judgment of conviction in No. 3:01-cv-00525-DWH-RAM on the merits on August 17, 2004;[2] and (b) the current petition is putatively untimely by well over a decade. Accordingly, the dismissal of this improperly-commenced action without prejudice will not materially impact the adjudication of issues in this regard in a promptly-filed and properly-commenced new action, or otherwise result in substantial prejudice.

IT THEREFORE IS ORDERED that the application (ECF No. 1) to proceed *in forma pauperis* is DENIED without prejudice and that the petition shall be DISMISSED without prejudice to the filing of a new petition and new pauper application with all required financial attachments in a new civil action under a new docket number.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the dismissal of this improperly-commenced action without prejudice to be either debatable or incorrect, given the absence of any substantial prejudice to petitioner from the dismissal without prejudice.

The clerk of court shall SEND petitioner with this order two copies each of a § 2254 petition form and an inmate pauper application form along with one copy each of the instructions for each form and of the papers submitted in this action.

The clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: December 14, 2017.

_____
JAMES C. MAHAN
United States District Judge

---

[2] The online docket of the state district court further reflects that there have been no intervening amended or corrected judgments of conviction filed in the state district court since the May 26, 1998, original judgment of conviction. (Petitioner refers erroneously instead to the April 16, 1998, sentencing date as the date of the judgment of conviction.) In this regard, the court takes judicial notice of its own prior records as to petitioner's earlier actions as well as of the online docket records of the state district court. *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state district court may be accessed from: https://www.clarkcountycourts.us/Anonymous/default.aspx .